Froessel, J.
 

 Petitioner is the State advocate of the New York State Council of the Knights of Columbus (hereinafter called the State Council or fraternal organization), and an ex officio member of respondent corporation. Said corporate respondent,
 
 *72
 
 organized under a special act (L. 1926, ch. 70, as amd. by L. 1957, ch. 511), is presently known as New York State Council Knights of Columbus Foundation.
 
 *
 
 It uses the name “ Knights of Columbus ” by permission of the Supreme Board of Directors of that organization. There is no dispute — and it is apparent from respondent’s prescribed corporate purposes, its activities over the years, sources of funds and internal structure — that it serves in its independent corporate form as the charitable arm of the State fraternal organization.
 

 In this article 78 proceeding, petitioner asks us to declare invalid an amendment to the by-laws of respondent corporation adopted January 17,1960, increasing the number of its directors by 4, and the subsequent elections of the 4 new directors, as allegedly authorized by the amended by-law. His petition was dismissed by the courts below.
 

 Respondent was originally authorized by the incorporating legislation of 1926 to operate under the direction of its 7 individually named incorporators, and such other persons as they might associate with themselves, and their successors, who were constituted as its
 
 ‘ ‘
 
 governing body ’ ’. This 1926 legislation also empowered the corporation “ to adopt regulations and by-laws * * * for the accomplishment of the objects ” of its incorporation. In 1957 the Legislature directed that the ‘ ‘ affairs of the corporation shall be under the supervision, direction and control of a board of not fewer than seven or more than thirty-three directors.” It was additionally provided that ££ The number of directors, the method of selection and the qualifications of directors, as well as the date for the annual meeting of the corporation shall be fixed by the by-laws of the corporation.”
 

 Prior to January 17, 1960, when the dispute culminating in this litigation arose, the corporation consisted of 11 members, 9 of whom were its directors, as prescribed in the by-laws. ££ To be eligible for
 
 membership
 
 in the corporation ” (emphasis supplied) , the by-laws provided, £ £ a man must be, and continue to be, a third degree member in good standing of one of the subordinate councils of the Knights of Columbus in the State of New York.” Four of the corporation’s 11 members, who also served as directors, were
 
 elected
 
 to their member and directorship
 
 *73
 
 positions by the
 
 members
 
 of the corporation (art. IV, § 1); the remaining 7 members were ex officio. They were the deputy, treasure?, and advocate of the State Council, and the last 4 living past deputies of the State Council (art. II, § 2). Of this ex officio group, 5, namely, the deputy and past deputies of the State Council, were ex officio members of the board. The treasurer of the State organization, although not a director, served ex officio as respondent’s treasurer.
 

 On January 17, 1960, pursuant to notice by the secretary at the direction of the president, one William E. Burke (an elected member), a special meeting of the board of directors Avas held. Present at the meeting were 5 directors, consisting of 3 elected members and 2 past deputies. Also present, by invitation, were the 2 ex officio members of the corporation who were not members of the board, namely, petitioner (the State advocate) and the State treasurer. The president, presiding at the meeting, discussed the closing of the tuberculosis sanitarium at Grabriels, New York, which had theretofore been maintained by the corporation ; the scholarship program of the corporation, which aided those attending colleges
 
 “
 
 conducted under Catholic auspices ”; the need for additional funds to sustain the scholarship program, and improved methods for solicitation of such funds.
 

 In connection with the need for funds and improved methods of solicitation, it was proposed that the board of directors be enlarged to include 4 additional
 
 elected
 
 directors from different regions of the State who could “ carry the message ” of the corporation to the various local groups of the State Council. A resolution to that effect, amending section 1 of article IV of the by-laws, was moved and unanimously carried by the directors present, which included the 2 past deputies, ex officio directors. Petitioner, not being a director, could not vote on the proposition ; however, he presented a signed petition vigorously objecting to it on his own behalf and that of the other 5 members of the corporation.
 

 The amendment thus adopted over the protestations of 6 of the 11
 
 members
 
 of the corporation provided for 13 directors, i.e., 5 ex officio, as before, but 8 elected instead of 4. The latter group were to be elected, according to the amendment, “ at the annual meeting of [the] corporation to be held in May, 1960, [by] the
 
 then members
 
 of the corporation.” (Emphasis sup
 
 *74
 
 plied.) It was also provided that in the event “ any vacancy ” on the board should “ be caused by the enlargement of the Board or for any other reason, the Board of Directors shall immediately fill the vacancy or vacancies, so created, by the election of a director or directors to hold office until the next annual meeting of the corporation and until his or their successor or successors have been elected and qualify.” Accordingly,
 
 4
 
 “ interim directors ” (nowhere designated to be members of the corporation) to serve until the next annual meeting were immediately selected by the board to fill the vacancies just created by the amendment to the by-laws as therein authorized.
 

 At the annual meeting of May 1, 1960, the 5 directors present at the January 26th meeting and the
 
 4
 
 interim directors selected at that meeting were present. They all voted for the
 
 4
 
 interim directors to serve for full terms as directors. Petitioner thereupon instituted this proceeding to annul the by-law amendment and elections of the additional directors pursuant thereto.
 

 The pervading theme of petitioner’s brief on this appeal is that the amendment to the by-laws is invalid for the reason that it offends against ‘
 
 ‘
 
 fundamental principles of justice ’ ’, particularly in that it served to wrest control of respondent corporation from the ex officio group representing the State fraternal organization, from which its funds are derived. In this regard, we share the unanimous view of the courts below that these allegations without more cannot serve to invalidate the amendment.
 

 In answer to the contention made, it should first be stressed that the original charter granted in 1926 specifically authorized the corporation to adopt ‘ ‘ by-laws * * * for the accomplishment ” of the purposes of its incorporation; and the legislation in 1957 amending the original charter not only authorized an increase in the board of up to 33 members, but also left the “method” of their “selection” and “qualifications” to be fixed by the by-laws of the corporation. Furthermore, the by-laws at all times had authorized amendment thereof by a simple “ majority vote of the directors ”. The amendment here involved was proposed and adopted in order to effectuate the entirely legitimate purpose of improving the fund solicitation methods of the corporation. In consequence, it not only clearly
 
 *75
 
 served to promote the “ accomplishment ” of the prescribed corporate objectives for which the adoption of by-laws was expressly authorized in the original charter, but also came within the purview of the legislative authorization in 1957 to increase the board, and the articles of the by-laws duly adopted pursuant to the charter permitting amendment by a majority vote. There can be no question, then, that the amendment was wholly in accord with the corporate charter and by-laws and constituted a valid exercise of discretion and judgment by the voting directors in the performance of their duties for the best interests of the corporation (see
 
 Manson
 
 v.
 
 Curtis,
 
 223 N. Y. 313, 322-323).
 

 While it is true that respondent corporation was conceived, and has at all times since 1926 served, as the charitable arm of the State fraternal organization, this does not entitle petitioner to annul this valid exercise by the voting directors of their discretionary function. Two members of the ex officio group — presumably representing the State organization on the board —voted in their discretion for the amendment; and, as the Appellate Division majority observed—and we agree — “ There is no showing here that respondents ’ acts were unfair, oppressive or manifestly detrimental to the corporation’s interests. On the contrary, it appears that all parties to this dispute have the interests of the corporation at heart, and none of them wishes to hurt it. Hence, we see no basis for a holding that equity requires the voiding of the questioned by-law and elections.” If the act complained of in this proceeding were shown to be inimical to the charitable or religious purposes of the Knights of Columbus ■— and the record is barren of any such implication —• the situation would be otherwise. Then, principles of ‘ ‘ fundamental justice ’ ’ might properly be invoked to annul the untoward acts of the directors.
 

 Petitioner also assails the validity of the by-law amendment on the ground that it operated to deprive him of his ‘ ‘ vested ’ ’ right as a
 
 member
 
 to vote for the corporation’s directors at the annual meeting, and that it additionally violated his alleged rights under section 45 of the Membership Corporations Law. We need not reach this contention, for whether or not petitioner’s right to vote for directors was vested or otherwise assured under the Membership Corporations Law (but see § 2) is irrelevant. In our view, petitioner was never deprived of his
 
 *76
 
 right to vote—whether vested or not—by the amendment to the by-laws. He merely failed to exercise his right, which the by-law amendment reserved to him. It was expressly provided therein that at the membership meeting of May 1, 1960 the ‘ ‘ then members of the corporation ’ ’ shall vote for
 
 4
 
 additional directors. This brings us to the real issue in this case, which is whether a
 
 quorum
 
 of members eligible to vote as such was present at the May 1st meeting when the directors were to be elected for a full term.
 

 At the time of the May 1st election, the posture of the by-laws was as follows: Article II provided that there were to be only 11
 
 members
 
 of the corporation—7
 
 ex officio
 
 and 4 elected. Section 3 of article II provided that those elected to
 
 membership
 
 were to
 
 “
 
 be chosen as elected members by
 
 the then members
 
 ” (emphasis supplied) of the corporation at the annual meeting, at which, in accordance with section 3 of article VII, ‘ ‘ six
 
 members
 
 shall constitute a quorum ”. The new article IV provided, as indicated, that the
 
 4
 
 new
 
 directors
 
 were to be elected at the May 1,1960 meeting by the “
 
 then members
 
 of the corporation ”, and prior thereto the board were to choose
 
 4
 
 men who would fill the newly created directorship positions and serve “ until * * *' their * * * successors have been elected ” at the May 1st meeting (emphasis supplied).
 

 Summarizing the import of these provisions as we read them, the
 
 4
 
 newly created directorship positions were to be filled temporarily by
 
 4
 
 third degree Knights of Columbus (art. II, § 1) chosen by the board. These interim directors were to hold office until the annual meeting. At that time the
 
 “ then
 
 [eleven]
 
 members
 
 ” of the corporation were to elect
 
 4
 
 men to fill permanently the
 
 4
 
 newly created directorship positions; and 6 of the “
 
 then [eleven] members
 
 ” of the corporation would constitute a quorum at that meeting (emphasis supplied).
 

 At the May 1st meeting the 4 interim directors who had never been elected members and only
 
 5
 
 of the
 
 “
 
 then” 11 members of the corporation were present. It is apparent, therefore, that a quorum was not present and the election of directors held at that time was void.
 

 Respondents and the majority of the Appellate Division take the view—notwithstanding the unmistakably clear provisions of the by-laws outlined above — that the
 
 4
 
 interim directors quali
 
 *77
 
 fied as “
 
 de facto ”
 
 members of the corporation at the annual meeting, and consequently could be counted in the quorum. The principal difficulty with permitting membership and ultimately permanent directorship to be conferred upon an individual in that manner is that it is in clear violation of the by-law providing that only
 
 members,
 
 and
 
 not directors,
 
 may elect individuals to membership. The by-laws plainly indicate that only persons elected to membership in that manner may be counted in a quorum for the purpose of electing others to membership or permanent directorship.
 

 In our view, the temporary selection of directors by the board to fill the newly created positions ‘ ‘ until the annual meeting of the members ” conferred upon those selected the status of interim directors and nothing more or less than that. Their appointment was a temporary measure to permit the board to function in enlarged form until the annual membership meeting. At that time, a quorum of the
 
 “
 
 then” 11 members of the corporation could decide whether (1) to elect the temporary appointees to membership and (2) thence to permanent directorship. We may not amend the clearly expressed membership provisions of the by-laws as the Appellate Division purported to do (see
 
 Berger
 
 v.
 
 Mook,
 
 9 N Y 2d 805), any more than we would rewrite any other contract. We note in this connection that respondents themselves recognized the invalidity of the election of the temporary directors to permanent positions by attempting to amend the membership provisions of the by-laws immediately before this action commenced. The proposed amendment declared those selected by the board to fill temporary director positions to be
 
 “ipso facto”
 
 members by reason of their temporary appointments. Petitioner successfully stayed any action on this proposed amendment.
 

 We hold in this case, then, that the amendment to the by-laws enlarging the board is entirely valid; the election of directors at the May 1, 1960 meeting, however, is not, since a quorum of the members was not present. Accordingly, the orders of the courts below should be reversed and the proceeding remitted to Special Term for the entry of an appropriate order annulling all action taken at the annual meeting of members of the corporation held on May 1, 1960, without costs.
 

 
 *78
 
 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis and Foster concur; Judge Burke taking no part.
 

 Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.
 

 *
 

 It was originally named. Knights of Columbus Hospital Association of the State of New York.