■ LIB/GO TRAVEL, INC. et al., Appellants, v. FLYFAIRE, INC. et al., Respondents, and TRAVELAIR ENTERPRISES, INC., et al., Defendants.— Order Supreme Court, New York County, entered on August 9, 1973, unanimously affirmed, without costs and without disbursements. There may well be some color to the position of the respondents that the previous order of this court was misunderstood and that there was no intention to flout our mandate. However, the basic question in this case requires immediate resolution and accordingly the case is remanded to the IC Part whence it came with a direction to the Justice Presiding to conduct an immediate trial. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Tilzer, JJ.

■ In the Matter of HELLENIC CULTURAL CIRCLE, INC., et al., Appellants, v. DEMETRIOS KOTSILIMBAS et al., Respondents.— Judgment, Supreme Court, New York County, entered on September 6, 1973, affirmed, without costs and without disbursements, on the opinion of Saypol, J., at Special Term. Concur — Markewich, Nunez and Tilzer, JJ.; McGivern, J. P., and Kupferman, J., dissent in separate memoranda, as follows: McGivern, J. P. I disagree. The meeting of February 10, 1973, was properly called by the president, with the intent of conforming with the certificate of incorporation, of which both factions had been ignorant. Fifty-four members voted; and Mrs. Vlavianos had a number of proxies, which she voluntarily chose not to vote. The respondents themselves participated, and only walked out when it was apparent they did not control the votes of those present. And the membership determined that the December, 1972 election was invalid. The vice of affirming is that now the directors will continue until December of 1974, in patent and conceded violation of the charter. Kupferman, J. I dissent and would order a new election on the authority of the opinion of Saypol, J. at Special Term as adopted by this court and the authority of the dissenting opinion herein of McGivern, J. P. The totality of the two opinions leads to the inexorable conclusion that a new election be held in accordance with the certificate of incorporation and pursuant to section 25 of the General Corporation Law.