OPINION OF THE COURT
Jasen, J.
The issue of first impression presented on this appeal is whether the Business Corporation Law permits the number of directors constituting a corporate board to be determined by custom, usage and acquiescence, where there is no governing provision in the bylaws. We hold that it does not.
Respondent Rye Psychiatric Hospital Center (Rye Center) is a private psychiatric hospital incorporated in October 1973. At the time of incorporation, Rye Center had five equal shareholders who adopted corporate bylaws but failed to specify the size of the board of directors. In 1977, a sixth individual purchased an equal share in Rye Center. Although the bylaws remained silent on the number of directors, the parties conducted business as though the six of them, as the corporate shareholders, also constituted the board of directors.
In August 1982, petitioners, three of the shareholders, commenced an article 78 proceeding challenging the status of the sixth shareholder as a member of the board. The proceeding was eventually dismissed but, during its pendency, respondents, the remaining three shareholders, decided that the composition of the corporate board, for which there had concededly been no election at least since 1977, ought to be settled by a special meeting of the shareholders. One of the respondents formally demanded the special meeting and another, in his capacity as secretary of Rye Center, notified each of the shareholders in writing that such would be held on *336 November 12, 1982, "for the purpose of electing directors”. Petitioners initially sought to obtain a temporary restraining order but, ultimately, chose instead simply to boycott the special meeting.
On the scheduled date, the special meeting proceeded in the petitioners’ absence. The respondents, all of whom were present, elected themselves as the three directors of Rye Center. Immediately thereafter, the respondents held a meeting of the board of directors and elected themselves to all the corporate offices.
Subsequent to being notified of the results of the meetings held on November 12, 1982, petitioners commenced this proceeding pursuant to Business Corporation Law § 619, seeking to nullify the respondents’ election of themselves as directors and then as officers of Rye Center. Special Term granted the petition and declared the election of directors to be null and void and the subsequent actions of the board of directors under the authority of that election to be unauthorized and invalid. The court held, inter alla, that the three shareholders present at the meeting in question failed to elect a full complement of six directors, that they had no authority to reduce that number and, therefore, that they failed to fulfill the sole purpose for which the special meeting had been called. On reargument, Special Term adhered to its original decision.
On appeal, the Appellate Division modified Special Term’s order by declaring the election of three directors to be valid but affirmed insofar as that order set aside respondents’ election of themselves as the corporate officers. The court held, inter alla, that proper notice of the special meeting had been given to all parties and that the respondents did have the necessary quorum at the special meeting to elect themselves as directors. The court also ruled, however, that the size of the board of directors had been established as six by the parties’ prior course of dealings, that the three individual respondents did not constitute the quorum necessary to reduce that number at the meeting and, therefore, that the three petitioners remain on the board, together with respondents, as three holdover directors. Because we disagree with the Appellate Division that the number of directors on Rye Center’s corporate board was established by the parties’ prior course of conduct, we now reverse.
Pursuant to Business Corporation Law § 603 (b), a quorum *337 for the purpose of electing directors at a special meeting called on the demand of one of the shareholders is merely the actual number of "shareholders attending, in person or by proxy, and entitled to vote in an election of directors”. But such does not constitute a quorum of shareholders "for the transaction of any other business.” For that purpose, Business Corporation Law § 608 requires that, unless otherwise provided in the certificate of incorporation or the bylaws, the "holders of a majority of the shares entitled to vote” must be present. Here it cannot be disputed that the three individual respondents attending the special meeting constituted a quorum of shareholders for the purpose of electing directors under the definition of section 603 (b). Whether, however, the three respondents in attendance constituted a quorum of shareholders under section 608 for the transaction of any other corporate business, and whether any such quorum was even necessary, are questions for which resort must be had to other provisions of the Business Corporation Law.
Contrary to the holding of the Appellate Division, a section 608 quorum was not required to "reduce the number of directors constituting the board from six to three”. (101 AD2d, at p 316.) Indeed, the size of the board did not have to be reduced whatsoever inasmuch as the number of directors could not be other than three under the law applicable to the facts of this case.
Business Corporation Law § 702 (a) provides that: "The number of directors constituting the entire board shall not be less than three, except that where all the shares of a corporation are owned beneficially and of record by less than three shareholders, the number of directors may be less than three but not less than the number of shareholders. Subject to such limitation, such number may be fixed by the by-laws, or by action of the shareholders or of the board under the specific provisions of a by-law adopted by the shareholders. If not otherwise fixed under this paragraph, the number shall be three. As used in this article, 'entire board’ means the total number of directors which the corporation would have if there were no vacancies.” (Emphasis added.) Pursuant to the unambiguous and unequivocal language of this statute, where, as here, the corporate bylaws make no provision whatsoever for the size of the board of directors, "the number shall be three”.
This court has previously held that the clear provisions of Business Corporation Law § 702 specifying particular require *338 ments for setting the number of directors on a corporate board must be complied with strictly. (See, Model, Roland & Co. v Industrial Acoustics Co., 16 NY2d 703.) In Model, Roland & Co., we held that, in accordance with section 702 (b), a change in the number of directors could not be accomplished except "by means of a by-law”. A fortiori, where, as here, the corporation has no governing bylaw whatsoever, a deviation from the number of directors explicitly fixed by the statute could only be effectuated by the proper enactment by the shareholders of a statutorily requisite bylaw.
The sole New York authority relied upon by petitioners and the Appellate Division for the proposition that the size of the board of directors may be established by "custom, usage and acquiescence” is Thistlethwaite v Thistlethwaite (200 Misc 64). Although this 1950 case has been cited as authority in some of the commentaries (see, e.g., 13 NY Jur 2d, Business Relationships § 153; 2 White, New York Corporations j[ 601.08 [13th ed]; 8 Fletcher, Cyclopedia of Corporations § 4173 [Permanent ed]), reliance thereupon is misplaced. The statement of Monroe County Supreme Court in that case, that the number of directors might be fixed " 'by acts as well as by words [as] evidenced by a uniform course of proceeding, or usage and acquiescence’ ” (at p 70), was unnecessary dictum in that court’s decision and, moreover, it was not then, nor has it ever since been, adopted by this court. Such a rule would be wholly incompatible with the clear mandate of section 702 that a board of directors shall consist of three members in the absence of a bylaw provision to the contrary. Indeed, the adoption of such a rule would inevitably contravene the manifest statutory policy purpose to reduce, as much as possible, the confusion, uncertainty and potential debate over the composition and size of corporate boards of directors in every case where no formal corporate decision has been reached and memorialized in a written bylaw.
Here, Rye Center having never adopted a bylaw provision' establishing the size of its board of directors, Business Corporation Law § 702 governs and the board, thereby, comprised three members. Consequently, the three individual respondents, acting as a lawful section 603 (b) quorum of shareholders, filled all the directorships at the special meeting of November 12, 1982, when they elected themselves to the corporate board. Further, because the number of directors was already fixed by operation of statutory law at three, no section 608 quorum consisting of the holders of the majority of the *339 shares was necessary to "reduce” the size of the board to that number.
Contrary to petitioners’ contention, this court’s decision in Matter of Hellenic Cultural Circle v Kotsilimbas (35 NY2d 814, affg 43 AD2d 672, affg 79 Misc 2d 675) does not require a different result. In that case, a shareholder sought to set aside the election of a certain number of directors in excess of that established by the certificate of incorporation. (At the time, former Stock Corporation Law § 5 [7] provided that the certificate was controlling.) Supreme Court, exercising its "as justice may require” authority (see, Business Corporation Law § 619, formerly found in General Corporation Law § 25), denied the petition on the ground that the challenging shareholder had herself participated in the election. At the same time, however, the court directed that all subsequent elections must comply with the mandate of the statute in electing only the lawfully fixed number of directors. Both the Appellate Division and this court affirmed.
In this proceeding, none of the parties have challenged any prior election of an excess number of directors or sought to set aside any prior action taken by the parties while they were conducting corporate affairs as though all were members of the board of directors. Rather, an election of directors was properly demanded and scheduled, all the parties were properly notified, a quorum was in attendance at the special meeting, and the statutorily mandated number of directors was elected. No violation of the Business Corporation Law is alleged, and no basis for equitable relief, as was involved in Matter of Hellenic Cultural Circle, is presented.
Finally, having the authority to elect three directors and having elected themselves to those positions, respondents then constituted the entire corporate board. Thereafter, they had the authority to elect corporate officers. Under Business Corporation Law § 707, a majority of the directors constitutes a quorum sufficient for the transaction of corporate business and, under section 715, the election of officers is a proper function of the board. Consequently, respondents, in their capacity as the newly elected board of directors, were empowered to conduct the business of Rye Center following the special meeting of November 12, 1982, and, under such authority, to elect themselves as corporate officers.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the petition *340 dismissed insofar as it sought to vacate and set aside actions of the board of directors under authority of the election held at the special meeting of November 12, 1982.
Chief Judge Wachtler and Judges Meyer, Kaye, Alexander and Titone concur; Judge Simons taking no part.
Order, insofar as appealed from, reversed, etc.