Jack C. SCHOENHOLTZ, as Administrator of the Rye Psychiatric Hospital Center, Inc., Supplemental Retirement Income Fund-Fixed and Rye Psychiatric Hospital Center, Inc., Supplemental Retirement Income Fund-Variable, Plaintiffs,

v.

David E. DONIGER, I. Jay Lauer and Alexander Carlen, Defendants.

No. 83 Civ. 2740 (IBC).

United States District Court, S.D. New York.

Aug. 28, 1986.

---

Rogers Hoge & Hills, New York City, for plaintiffs; Frederick A. Nicoll, of counsel.

Cerrato, Sweeney, Cohn, Stahl & Vaccaro, White Plains, N.Y., for defendants; Julius W. Cohn, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants (on present application); Jay Greenfield, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

Plaintiff brought this action alleging that defendants breached fiduciary duties to two employee retirement plans ("the Plans") at the Rye Psychiatric Hospital Center ("the Hospital") in Rye, New York in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* This Court's opinion with respect to liability in favor of plaintiff and against each defendant, written in the form of Findings of Fact and Conclusions of Law, was filed February 14, 1986, 628 F.Supp. 1420 (S.D.N.Y.1986). Our determination on the question of damages, fully addressed at the trial on November 14, 1984, has not yet been rendered. In their instant application defendants move to reopen and supplement the record on the damages issue pursuant to Fed.R.Civ.P. 59. Plaintiff opposes the motion.

Defendants refer to page 1431 of our Findings of Fact and Conclusions of Law in support of the instant application. It states in relevant part:

Insufficient material has been submitted to enable us to determine the reasonable value of damages herein, especially in light of the recent determination by the New York Court of Appeals in *In the Matter of Rye Psychiatric Hospital Center, Inc.,* [No. 522, slip op. (N.Y., November 19, 1985)] *supra* [66 N.Y.2d 333, 497 N.Y.S.2d 317, 488 N.E.2d 63]. Accordingly, we follow a practice our Court has successfully employed for a long time: We direct the parties to endeavor to agree on a reasonable and proper amount of damages, then to provide us with a proposed form of judgment, including such amount agreed upon. If no agreement hereon is arrived at within 60 days from the filing date of this opinion, the parties are directed to serve and file comprehensive and meticulously prepared memoranda of law on the issue of damages, including attorneys' fees and punitive damages.

The New York Court of Appeals filed its opinion in *In the Matter of Rye Psychiatric Hospital Center, Inc., supra,* on November 19, 1985, approximately one year after the trial in the instant matter and three months before our Findings of Fact and Conclusions of Law were filed. That opinion resolved a long-standing dispute regarding corporate matters at no time before us.

On December 3, 1985, we received a hand-delivered letter from counsel for plaintiff, Frederick A. Nicoll, Esq., which stated, *inter alia,* that certain actions were taken in the wake of the determination by the New York Court of Appeals. The letter further noted that "[t]hese actions have terminated that portion of the continuing loss to the Plans which has resulted from their inability to purchase the remaining Series 1981 shares."

In view of the fact that plaintiff had maintained before, during and after trial that the losses claimed by the Plans were continuing, we determined that fuller explanation of the change in the claim for damages was appropriate. This was the sole basis of our statement (at page 1431 of the Findings of Fact and Conclusions of Law) that "the parties are directed to serve and file comprehensive and meticulously prepared memoranda of law on the issue of damages...." In short, we sought to learn from counsel the extent, if any, the claim for damages before us had been affected by the decision of the New York Court of Appeals and subsequent action taken by the Hospital and the Plans.

According to defendants, granting the instant application would afford plaintiff the opportunity to cure insufficiencies in the record and would provide defendants the opportunity to further demonstrate the harm to Plan beneficiaries of investment in Hospital securities. Defendants propose to offer the testimony of a certified public accountant and in addition a "professional fiduciary" addressed to the prudency of the investment of the Plans in Hospital securities, the appropriate valuation of those securities and the difference between the valuation and the Plans' actual investments. (Defendants' Memorandum of Law on the Issue of Damages and In Support of Their Motion to Reopen and Supplement the Record ("Defendants' Memorandum"), at 44)

Plaintiff opposes the motion on the grounds that defendant misinterpreted our statement in the Findings of Fact and Conclusions of Law filed February 14, 1986; that the motion is untimely and would cause undue prejudice to the Plans. (Plaintiff's Memorandum in Opposition to Defendants' Motion to Reopen the Record and in Response to Their Memorandum on Damages ("Plaintiff's Memorandum"), at 2, 5, 9–10)

Plaintiff contends that our statement on page 1430 (Findings of Fact and Conclusions of Law) refers to our finding that defendants' breaches continue to the present

(Conclusion of Law K); that the trial evidence on damages only accounted for losses through March, 1984; and that the Plans do not seek damages beyond March, 1984. Accordingly, plaintiff asserts that no further evidence need be presented for our consideration.

Plaintiff notes that defendants have utterly failed to explain why the evidence defendants seek to introduce now—not recently discovered and clearly available at the time of trial—was not introduced at trial; that granting the motion of defendants would return this case to the pre-trial stage since plaintiff would be entitled to all pre-trial discovery of defendants' proposed witnesses and all other proceedings flowing therefrom; and that the expense and burden to the Plans of granting the motion clearly outweighs any benefit to defendants.

### THE LAW

Fed.R.Civ.P. 59 states in relevant part: A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.

■ However, "[a] motion to reopen a case to take additional testimony ... while the court, in a non-jury case, has the case under advisement, is not a motion for a new trial under Rule 59." 6A *Moore's Federal Practice* ¶ 59.07 (2d Ed.1986), at 59–30. Yet, as the case nears decision, "the similarity between the two motions becomes more pronounced." *Id.* Accordingly, the instant motion will be addressed as a motion to reopen the record, not as a motion for a new trial.

■ An application seeking to reopen the record is addressed to the sound discretion of the Court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *B.V. Bureau Wijsmuller v. United States*, 702 F.2d 333, 341–42 (2d Cir.1983); *Wash-*

*ington Mobilization Committee v. Jefferson*, 617 F.2d 848, 850–51 (D.C.Cir.1980). It requires an examination of three factors: the character of the additional testimony, the time when the motion is made, and the effect of granting the motion. 6A *Moore's Federal Practice* ¶ 59.05[13] (2d Ed.1986) at 59–33, 34.

### 1. *Character of the Proposed Evidence*

As stated hereinabove, defendants propose to introduce the testimony of two witnesses who would present evidence as to "the prudency of the Plans' investment in Hospital securities, the appropriate valuation of those securities, and the difference in amount between that valuation and the Plans' actual investments." (Defendants' Memorandum, at 44)

The question of the propriety of the Plans' investment in Hospital securities was central to the trial of this case. Defendants have maintained from the outset that investment in Hospital securities was unwise, while plaintiff has asserted that the investment in those securities was an expressed intent of the Plans. We agreed with plaintiff; on page 1423 at 5, of our Findings of Fact and Conclusions of Law we stated, "It was the expressed intent when the Plans were adopted that up to 100 percent of the assets of the Plans were to be invested in Hospital securities (so stated in § 8.09 of each Plan)." Consequently, we see no reason at this belated date to receive any further evidence on that issue.

As to the valuation of Hospital securities and the relationship between that value and what the Plans actually earned in other investments, defendants contend that reopening the record would permit them to introduce important testimony which would effectively rebut the evidence presented by plaintiff on this issue.

Plaintiff presented one witness at trial who testified as to damages and the value of Hospital securities, Peter Kelston. Mr. Kelston is a financial analyst who performed services on behalf of the Hospital. (Trial Transcript at 1633–35) Defendants fully examined Mr. Kelston before trial and

acquainted themselves with the nature of his proposed testimony; they also had access to the documents relied upon by him, as well as the documents of the Hospital and Plans relating to the value of Hospital securities. (Plaintiff's Memorandum at 10)

At trial, counsel for defendants cross-examined Mr. Kelston but introduced no rebuttal proof with respect to damages. We must assume that defendants made an informed choice not to present any direct evidence on the issue, and that they now seek to correct what they consider to be an error in judgment.

In a recent case in our Court involving a motion to reopen the record where plaintiff sought to present additional evidence after both sides had rested and before the Court filed its opinion, Judge Sprizzo stated:

> [The] Court should not utilize its discretion to grant such relief unless the interests of justice require it, nor should any party be afforded such relief where it has not carried its burden of establishing that its failure to produce the evidence which it now seeks to offer was not the result of its own lack of diligence. *Cf. Reconstruction Finance Corp. v. Commercial Union of America Corp.*, 123 F.Supp. 748 (S.D.N.Y.1954). Very little purpose would be served by requiring adequate and timely trial preparation and Pre-Trial Orders if a party could be afforded such relief absent a showing of due diligence.

*Bradford Trust Company of Boston v. Merill, Lynch, Pierce, Fenner & Smith, Inc.*, 622 F.Supp. 208, 214 (S.D.N.Y.1985).

In the instant case, plaintiff sought to introduce additional deposition testimony of defendant Lauer after the conclusion of trial. In a Memorandum dated January 31, 1985 (filed February 1, 1985) in which we denied plaintiff's motion we noted (page 2), "To warrant such relief, a movant must have been excusably ignorant of the supplemental facts during trial such that they could not have been discoverable by due diligence."

█ We find that the same rule applies to the instant motion. Defendants have failed to demonstrate that the failure to present the proposed testimony with regard to damages at trial was due to anything other than a lack of due diligence. Defendants do not deny that they were fully apprised of plaintiff's position with regard to damages and that they availed themselves of the discovery rules to examine plaintiff's witness, Mr. Kelston, prior to trial. Further, defendants do not claim that they did not have available to them all the necessary material to fully and properly prepare themselves to meet plaintiff's evidence on damages. Put another way, we see no good and sufficient reason—and defendants offer none—why the evidence sought to be introduced at this late date was not offered at the time of trial.

Accordingly, we are not persuaded that justice requires we reopen the case to receive the additional testimony sought to be introduced.

### 2. *Time*

█ The instant motion is brought by defendants' new counsel almost one and one-half years after the conclusion of the trial and almost three months after the filing of our Findings of Fact and Conclusions of Law.

In *Zenith Radio Corp., supra,* the Supreme Court upheld the decision of the trial judge in denying in part a motion to reopen the record. In his concurring opinion, Justice Harlan noted:

> [O]ne year after the close of evidence, nine months after the filing of Hazeltine's post-trial brief, and two months after the trial judge had made preliminary findings of fact and conclusions of law, Hazeltine, represented by new counsel, raised for the first time its defenses of release and the statute of limitations.

*Id.,* 401 U.S. at 349, 91 S.Ct. at 811. Justice Harlan concluded that "the trial judge rejected Hazeltine's proferred defenses … on the ground that they were too belatedly raised." *Id.*

We are compelled to reach the same conclusion here.

### 3. *Effect of Granting the Motion*

Defendants maintain that granting the motion "can only aid the Court in making findings sufficient to decide the complex damage issues which this case presents and to arrive at a rationally-based measure of relief." (Defendants' Memorandum at 45)

Plaintiff, on the other hand, asserts that granting the motion "would prejudice the Plans by requiring extensive proof to counter the new assertions of defendants' proposed experts … and … would amount to a retrial on the issue of damages." (Plaintiff's Memorandum at 9) The facts and law appertaining thereto support no other course.

### *The Court's estimate of defendants*

For good and sufficient reason we make reference to page 3 of the Memorandum submitted by defendants on the instant application: "The Court is, of course, familiar with the record, and its views concerning the defendants have been clearly expressed. We will, therefore, not discuss the facts at length."

Because it goes to the quality and reliability of the instant application by these defendants (an imperative test employed with respect to all motions regardless of nature), we make mention of our lack of conviction with respect to the sworn testimony adduced by defendants at the trial of the cause of action herein which resulted in our finding of liability in favor of the plaintiff. At page 1422 of our opinion filed February 14, 1986 we stated: "Before setting forth our findings, we are compelled to note our unalterable impression that, for the most part, the testimony of each defendant was evasive, grossly exaggerated—totally unconvincing; we have no alternative to rejecting it in the main.

"Further, we cannot refrain from revealing our astonishment upon learning, from their testimony adduced at trial, their ignorance as to the structure and operation of the retirement plans and their fiduciary

obligations with respect to them—the very subject matter of this litigation."

## CONCLUSION

 An examination of the three factors for our consideration on this motion to re-open the record—the character of the pro-posed evidence, the time of the application and the effect of granting the motion—leads us to conclude that granting the motion would not be in the interests of justice.

Accordingly, we are constrained to, and do, deny defendants' motion to reopen the record to present evidence on the issue of damages.

At the conclusion of our opinion filed February 14, 1986 we directed (at page 1431) the parties to endeavor to agree on the proper amount of damages. In light of our disposition of the pending application, we repeat that direction in full at this point: that the parties attempt to agree on a reasonable and proper amount of damages. If no agreement is arrived at within 30 days from the filing date of this memoran-dum of disposition, the parties are directed to promptly notify us in writing.

So Ordered.