■ RICHARD E. KOTITE, Respondent, v JAMES W. SHEA, as President of the Richmond County Country Club, et al., Appellants. [712 NYS2d 378] —In an action, inter alia, for a judgment declaring that section 2.021 of the bylaws of the defendant Richmond County Country Club, is void, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 29, 1999, which granted the plaintiff's motion for summary judgment, inter alia, declaring that section 2.021 of the bylaws is void and enjoining the defendants from enforcing it against him, and denied their cross motion for summary judgment.

Ordered that the order is modified by deleting the provision thereof granting the plaintiff's motion for summary judgment and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendants.

While the plaintiff established a prima facie case, the defendants presented evidence which raised a triable issue of fact as to whether the amendment to the bylaws of the defendant Richmond County Country Club, adding section 2.021, was adopted in bad faith. Thus, the Supreme Court should have denied summary judgment to all parties. O'Brien, J. P., Joy and Luciano, JJ., concur.

Schmidt, J., concurs in part and dissents in part and votes to affirm the order in the following memorandum: I disagree with the majority and would affirm the order of the Supreme Court.

The plaintiff made out a prima facie case entitling him to summary judgment by showing that the Board of Governors of the Richmond County Country Club (hereinafter the Club) acted in bad faith and breached the duty of good faith and fair dealing owed to the plaintiff, in amending the Club's bylaws by

adding section 2.021 permitting the children and grandchildren of "Golf Members" and deceased Golf Members to become Golf Members notwithstanding the limitations on the total number of Golf Members permitted by the bylaws. This amendment would delay, possibly for an indefinite time, the plaintiff's ability to change his current status from "Limited Golf Member" to Golf Member. The amendment is also in derogation of the Club's purpose which is to operate for the benefit of all its members including the plaintiff (*see,* Bylaws, Richmond County Country Club, art I, § 1.02). The amendment is clearly offensive to this provision, as well as to the principles of fundamental justice (*see, Dalton v Educational Testing Serv.,* 87 NY2d 384, 389; *Matter of Sousa v New York State Council Knights of Columbus Found.,* 10 NY2d 68; *Components Direct v European Am. Bank & Trust Co.,* 175 AD2d 227). Since the appellants failed to raise a triable issue of fact, the plaintiff's motion for summary judgment was properly granted (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320).