■ JEAN E. SEALEY, D.Sc., et al., Respondents, v AMERICAN SOCIETY OF HYPERTENSION, INC., Appellant. [810 NYS2d 48]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered November 14, 2005, which granted the petition, nullified the revised bylaws adopted at the May 17, 2005 meeting of respondent Society, and enjoined the Society from exercising any powers or taking any action pursuant to such revised bylaws relating to the removal of officers and directors of the Society (specifically, that would remove petitioner Sealey from her position as an officer or director, or deprive petitioners Alderman or Laragh of their rights as voting ex officio members of the board of directors), unanimously affirmed, without costs.

The court properly determined that a quorum consisting of a majority of respondent Society's members was necessary to amend its bylaws (N-PCL 608 [a]). The quorum provision in the revised bylaws was inconsistent with statutory requirements, and thus null and void (*see e.g. Blanc v Windham Mtn. Club*, 92 AD2d 529 [1983]). Since less than a quorum was present at the May 2005 annual meeting, the vote to amend the bylaws was also null and void (*see e.g. Matter of Sousa v New York State Council Knights of Columbus Found.*, 10 NY2d 68 [1961]). Furthermore, the Society was founded in 1986, so it may not avail itself of the one-time use of N-PCL 608 (c) to amend its bylaws by utilizing the quorum rules of the former Membership Corporations Law.

Since the proposed new bylaws were invalid, all actions taken pursuant to them with regard to removing petitioners from the Society's board of directors were invalid, and the court properly directed that petitioners be reinstated.

We have considered the Society's remaining arguments and find them without merit. Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.